UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
VINCENT ARTIS,
:
:
               Petitioner,     :        **REPORT AND**
:        **RECOMMENDATION**
      - against -          :
:        12 Civ. 5863(NSR)(PED)
SUPERINTENDENT MR. SMITH,     :
Mid-State Correctional Facility,     :
:
               Respondent.     :
:
------------------------------------------------------------x

TO:    THE HONORABLE NELSON STEPHEN ROMÁN
        UNITED STATES DISTRICT JUDGE

      Petitioner, acting *pro se*, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The petition challenges only a decision of the New York State Division of Parole, dated April 29, 2010, revoking parole supervision which had been imposed in connection with two underlying 2006 convictions. Although petitioner was incarcerated as a result of the parole revocation when he filed his petition, he was subsequently restored to parole, and, on July 22, 2014, petitioner's sentence expired on its maximum expiration date. Because petitioner has failed to demonstrate any concrete, ongoing injury attributable to his parole revocation, I respectfully recommend that the petition be **DISMISSED AS MOOT.**

## BACKGROUND[1]

      On May 3, 2006, petitioner was sentenced to an indeterminate term of two to four years imprisonment after having been convicted, after a jury trial in Rockland County Court, of Conspiracy in the Fourth Degree. On August 16, 2006, petitioner was sentenced to a determinate term of four years imprisonment to be followed by five years of post-release

---

[1] In light of the recommended disposition, I provide only a summary description of the underlying facts and procedural history.

supervision after being convicted, after a jury trial in Rockland County Court, of Assault in the Second Degree. On October 8, 2010, petitioner was released to parole supervision.

On April 23, 2010, petitioner was charged with violating the conditions of his parole. Petitioner requested a preliminary parole revocation hearing, which was duly held on April 29, 2010, in the Rockland County Jail. Although a public defender was on hand to represent petitioner in the hearing, petitioner elected to proceed *pro se*. At the conclusion of the hearing, the hearing officer found probable cause for the charge that petitioner threatened his parole officer during a telephone conversation with a parole official on April 20, 2010.[2]

On July 23, 2010, petitioner filed a state *habeas corpus* petition, under Article 70 of the C.P.L.R., claiming procedural and evidentiary errors in the April 29 parole revocation hearing. On October 12, 2010, a Justice of the Rockland County Supreme Court denied the state *habeas* petition in all respects. On October 25, 2010, petitioner filed notice of appeal to the Appellate Division, Second Department. Petitioner thereafter made a series of applications to the Appellate Division and to the New York Court of Appeals, seeking appointment of counsel, extensions of time, and other relief. Ultimately, however, on June 25, 2012, the Appellate Division dismissed for failure to timely perfect the appeal, a decision from which petitioner apparently did not appeal.

Petitioner filed his initial federal *habeas corpus* petition, dated July 8, 2012, in the Northern District of New York. (Dkt. 1.) He filed an amended petition on July 26, 2014 (Dkt.

---

[2] A final parole hearing was held on February 7, 2011. In a written decision dated February 28, 2011, an Administrative Law Judge upheld all the violation charges which has been lodged against petitioner – including the threat to his parole officer – and imposed a time assessment of 36 months. That decision was upheld by the Division of Parole Appeals on January 28, 2012. As noted above, the instant *habeas* petition challenges only the *preliminary* violation hearing.

5), and the matter was thereafter transferred to the Southern District of New York. (Dkt. 6.) In the amended petition, petitioner advances the following claims:

> 1) petitioner was denied the right to appeal to the Appellate Division from the denial of his state *habeas* petition relating to his preliminary parole revocation hearing;
>
> 2) the evidence presented at the preliminary parole revocation hearing was insufficient to support a finding of probable cause because a certain witness demonstrably "lied" at the hearing;
>
> 3) petitioner's parole officer – who was the victim of the alleged threat – improperly acted as the prosecutor at the hearing;
>
> 4) petitioner was denied counsel at the hearing, and the hearing officer was not "even-handed";
>
> 5) testimony concerning the threat should have been excluded as hearsay; and
>
> 6) evidence of a non-violent prior misdemeanor conviction was improperly admitted.

(Dkt. 5.) Respondent answered the petition on January 10, 2013, arguing that petitioner's claims are unexhausted, procedurally defaulted, and are either not cognizable on federal *habeas* review or are otherwise without merit. (Dkt. 17-19.)

By letter dated October 7, 2014, Respondent advised the Court that Petitioner "was released to New York State parole supervision on April 19, 2013, and that his prison sentence expired entirely on July 22, 2014, his 'maximum expiration date.'" (Dkt. 29.) In the letter, which forwarded documentation confirming petitioner's release status, Respondent assert that "the petition is now moot and should be dismissed for lack of subject matter jurisdiction[.]" (Id.)[3]

---

[3]On June 4, 2013, I denied Respondent's previous request for dismissal based on petitioner's release to parole supervision, finding that because petitioner's parole discharge date had been delayed as a result of the subject parole revocation, petitioner had demonstrated a collateral consequence "sufficient to defeat a challenge on mootness grounds." (Dkt. 27.)

3

As directed (Dkt. 30), petitioner responded to Respondent's application by letter dated October 30, 2014. (Dkt. 31.) In his letter, petitioner responds to the contention that his petition is moot as follows:

> The reason this case has to be heard in your court . . . is because I have done 3 years in prison for a violation that I didn't commit. This unjust act has damaged me greatly. My fianceé left me & my kids don't want anything to do with me. I have trouble sleeping at night, etc., etc., etc. I had filed my Habeas Corpus when I was in prison. What about my pain and suffering?
>
> I have to have my case heard in your court to preserve for a future law suit. The Assistant Attorney General knows I have a really good case, and he knows I will sue for damages (mentally & physically.) . . .

(Dkt. 31.) Petitioner does not dispute Respondent's contention that he has been discharged from parole supervision.

## DISCUSSION

Article III, Section 2 of the United States Constitution limits the subject matter jurisdiction of the federal courts to matters that present a "case or controversy." Spencer v. Kemna, 523 U.S. 1, 7 (1998). The Supreme Court has held that a *habeas* petitioner seeking relief from a parole revocation, unlike a petitioner seeking relief from an original conviction, is not entitled to a presumption of collateral consequences satisfying the case-or-controversy requirement. Id. at 14. Accordingly, a *habeas* petitioner no longer in custody who is challenging the result of a parole revocation hearing must affirmatively demonstrate "some concrete and continuing injury other than the now-ended incarceration or parole" in order to avoid dismissal on the ground that the case is moot. Id.

Here, petitioner has failed to show any valid reason why his petition is not moot as a result of his release and subsequent discharge from supervision. Although petitioner alludes to his desire to bring "a future law suit" as a reason why his *habeas* challenge should proceed, the

4

Court in <u>Spencer</u> expressly rejected the prospect of an action for damages as a reason for maintaining an otherwise moot *habeas* action. <u>Id</u>. at 17. <u>See also</u> <u>Washington v. Spears</u>, 2009 WL 3459222, at *3 (S.D.N.Y. Oct. 28, 2009)(DLC)(desire "to obtain damages for . . . alleged unlawful imprisonment" relating to parole revocation not a sufficient collateral consequence under <u>Spencer</u>).[4] Because petitioner has failed to demonstrate a concrete and continuing injury attributable to his parole hearing, his petition does not present an active case or controversy. I therefore recommend that this action be dismissed for lack of jurisdiction. <u>Id</u>.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that this action be **DISMISSED AS MOOT**. Further, because reasonable jurists would not find it debatable that Petitioner has failed to demonstrate by a substantial showing that he was denied a constitutional right, I recommend that no certificate of appealability be issued. <u>See</u> 28 U.S.C. § 2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000).

Dated: November 20, 2014
      White Plains, New York

Respectfully Submitted,

_____
Paul E. Davison
United States Magistrate Judge

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of seventeen (17) days, <u>see</u> FED. R. CIV. P. 6(a), from the date hereof, to file written

---

[4] A copy of this unreported decision shall be mailed to the *pro se* petitioner. <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76 (2d Cir. 2009) (per curiam).

objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Nelson Stephen Román at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Román.

A copy of this Report and Recommendation shall be mailed to:

Vincent Artis
51 French Ridge
New Rochelle, NY 10801