UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

VINCENT ARTIS,

Petitioner,

-against-

SUPERINTENDENT MR. SMITH,
Mid-State Correctional Facility,

Respondent.

---------------------------------------------------------------X

ORDER ADOPTING REPORT AND RECOMMENDATION

12-cv-5863 (NSR) (PED)

NELSON S. ROMÁN, United States District Judge:

Petitioner, Vincent Artis ("Artis"), proceeding *pro se,* seeks a writ of habeas corpus under 28 U.S.C. § 2254. Now pending before the Court is a Report and Recommendation ("R & R") issued by Magistrate Judge Paul E. Davison, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied. Petitioner has filed no objections to the R & R. For the following reasons, the Court adopts the R & R in its entirety, and the petition is DENIED.

**BACKGROUND**

Following a jury trial in New York Supreme Court, Rockland County, Artis was convicted of Conspiracy in the Fourth Degree. On May 3, 2006, petitioner was sentenced to an indeterminate term of two to four years imprisonment. Following a second conviction for Assault in the Second Degree, petitioner was sentenced on August 16, 2006 to a determinate term of four years imprisonment to be followed by five years post-release supervision. After serving a term of detention, petitioner was released to parole supervision.

On or about April 21, 2010, while on parole, petitioner was arrested and detained for allegedly violating the terms of his release. Petitioner was charged with, *inter alia*, threatening his parole officer. Petitioner challenged the allegations and a hearing was held on April 29, 2010. At the conclusion of

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 7/13/2015

the hearing, the hearing officer determined there was probable cause to believe petitioner committed the offense charged. In or about July 2010, petitioner filed a writ of habeas corpus in New York State Supreme Court, Rockland County, pursuant to Article 70 of the New York Civil Practice Law and Rules, alleging procedural and evidentiary errors in the parole revocation hearing and unlawful detention. Upon due consideration, the court denied petitioner's writ.

In October 2010, petitioner filed a notice of appeal to the New York Sate Supreme Court, Appellate Division, Second Department. In June 2012, the Appellate Division dismissed petitioner's appeal for failure to timely perfect his appeal. To date, petitioner has failed to appeal the dismissal.

In July 2012, petitioner filed the instant habeas petition in the Northern District of New York. After petitioner filed an amended petition, the matter was transferred to the Southern District of New York. In his amended petition, petitioner advanced six (6) claims, including the lack of sufficient evidence to support a determination of probable cause at the hearing and the improper admission of evidence. In January 2013, respondent answered the petition and asserted, *inter alia*, that the petition should be dismissed due to petitioner's failure to exhaust all state court remedies.

By letter dated October 7, 2014, respondent advised the Court that petitioner was no longer incarcerated but was released to parole supervision on April 19, 2013, and that his prison sentence expired on July 22, 2014. Thus, respondent asserted that the petition was now moot and should be dismissed for lack of subject-matter jurisdiction. Petitioner opposed respondent's application seeking dismissal, but failed to challenge respondent's contention regarding petitioner's release to parole supervision and the expiration date of his sentence.

## STANDARDS OF REVIEW

### I. Federal Habeas Review of a State Court Decision

"Habeas review is an extraordinary remedy." *Bousley v. United States,* 523 U.S. 614, 621 (1998). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). When a claim has been adjudicated on the merits and its disposition reduced to judgment in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

### II. Review of a Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). When a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of

> the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2)–(3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee's note on 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## III. Subject-Matter Jurisdiction

It is well-settled that Article III of the United States Constitution confers subject matter jurisdiction upon the federal courts to resolve cases or controversies. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992); *Spencer v. Kemna*, 23 U.S. 1, 7 (1998); *Lance v. Coffman*, 549 U.S. 437, 439 (2007). To invoke a federal court's jurisdiction, the case or controversy requirement must persist throughout all stages of the judicial proceedings, not just merely at the time the complaint is filed, such that the parties continue to have a "personal stake in the outcome" of the litigation. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478 (1990); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). A case or controversy is an "injury in fact" caused by "the conduct complained of" that "will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560–561(internal quotation marks omitted). A formerly detained claimant, whose sentence has expired, seeking relief from a parole revocation, must demonstrate some concrete and continuing injury other than the now-ended period of

incarceration (or parole) if the suit is to be maintained. *Spencer*, 23 U.S. at 7. Moreover, a claimant seeking relief from a parole revocation is not entitled to a presumption of collateral consequences that would satisfy the case or controversy requirement. *Id.*

**DISCUSSION**

Here, the R & R was issued on November 20, 2014, and the deadline for filing objections was December 8, 2014. Because petitioner failed to file any objections, the Court has reviewed Magistrate Judge Davison's R & R for clear error and found none. As Judge Davison noted, petitioner has failed to demonstrate a concrete and continuing injury resulting from alleged deficiencies during his parole hearing. Petitioner was released from custody and subsequently discharged from parole supervision upon the expiration of his sentence. Thus, the petition does not present an active case or controversy.

**CONCLUSION**

For these reasons, the Court adopts Magistrate Judge Davison's R & R in its entirety. The petition for a writ of habeas corpus is therefore denied. The Clerk of Court is directed to update the caption to reflect Petitioner's current residence, enter judgment in accordance with this Order, and close this case.

Dated: July 13, 2015
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge